

# UNITED STATES DISTRICT COURT
For the
DISTRICT OF MARYLAND

| | |
|---|---|
| ARETHA RACHELLE WOODLY | ) Complaint for a Civil Case |
| Plaintiff, | ) |
| vs. | ) Cause No: JMC-24-CV-1813 |
| BALTIMORE GAS & ELECTRIC; AKA BGE EXCELON COMPANY. | ) JURY TRIAL DEMAND |
| DAVID M. VAHOS, CHIEF FINANCIAL OFFICER ET, AL | ) |
| Defendants. | ) |

## I. Introduction

1. Plaintiff, Aretha Rachelle Woodly ("Woodly") natural person, appears before this court seeking damages in excess of $ 75,000 to be determined at trial, from Defendant Baltimore Gas & Electric, AKA BGE Exelon Company, and David M. Vahos, Chief Financial Officer of BGE (hereafter, collectively "BGE"). Such damages arise out of BGE: (1) breach of his fiduciary duty; (2) breach of the covenant of good faith and fair dealing in his interactions; and (4) Securities Fraud, under Federal Reserve Act section 29 and/or Securities Act of 1933 17(a)(2).

## II. JURISDICTION AND VENUE

2. The court has jurisdiction over this action and all counts under 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 USC 1391 because the events, transactions, and occurrences forming the factual nexus and subject matter of Plaintiff's complaint against Defendant BGE took place within the Judicial District, county of Baltimore City.

## III. PARTIES

4. Plaintiff is a person residing in Baltimore City, Maryland.

5. Defendant, David M. Vahos, chief financial officer of BGE Principal Place of Business Address is 2



Center Plaza, 110 W Fayette Street, Baltimore, Maryland 21202. Defendant conducts business in the State of Maryland.

6. Defendant BGE is listed by the Maryland Secretary of State. Defendant's Principal Place of Business Address is 2 Center Plaza, 110 W Fayette Street, Baltimore, Maryland 21202. Defendant conducts business in the State of Maryland.

7. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers.

8. Defendant's agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

## IV FACTS

9. Prior to February 28, 2024, I entered into a Consumer Credit Transaction with BGE and gave a collateral security. (Federal Reserve Act 16)

10. I then came forth to claim the valuable consideration on behalf of that security collateral by submitting a notice of claim of interest instructing the Mr. Vahos as a fiduciary. Once I came forward I was denied and dishonored.

11. I then sent three letters of notice of claim of interest:

12. On February 28, 2024, I sent a Notice of Claim of Interest via certified mail to the principal place of business address as required by Postal Code.

13. On April 22, 2024, I sent a Notice of Claim of Interest via certified mail to the principal place of business address as required by Postal Code and I sent BGE Resident Agent the same documents in addition to an Intent to Sue letter.

14. On May 13, 2024, I sent a Notice of Fault /Opt to Cure via certified mail# 95890710527011583991 28 to the principal place of business address as required by Postal Code.

15. On June 17, 2024, I sent a Notice of Default Judgment and Breach of Fiduciary Duty via certified Mail# 95890710527011583980 15 to the principal place of business address as required by Postal Code.

16. I did my "Performance" and have been trying to reach out to BGE's Chief Financial Officer et, al. I even emailed the BGE billing department, with attached documents of my "Performance" and letter of instructions to express what I wanted to do with the account as beneficiary and agent on behalf of the

principal ARETHA R WOODLY's account. However, after they received my first email subsequently I was blocked from being abele to respond by email the second time.

17. However, to no avail. BGE are still saying my account is overdue and have disconnected my services.

18. Any previous arbitration clauses or agreements are hereby void due to the fraud associated with this case.

## COUNT I: BREACH OF FIDUCIARY DUTY

19. Plaintiff re-alleges the allegations set forth in Paragraphs 1-18 above and incorporates same herein by reference.

20. Mr. Vahos breached his fiduciary duties by his non-response and non-acceptance basically not upholding my claims and instructions; thereby dishonoring my requests as beneficiary.

21. Mr. Vahos failure to act "Perform" his legal obligation as fiduciary in the best interest of the principal and/or beneficiary are a breach of his fiduciary duties.

22. At all times relevant to this complaint, Defendant BGE owed a fiduciary duty to me.

23. Defendant BGE breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to me.

24. Accordingly, Defendant BGE is liable in damages to me in excess of $75,000, the exact amount to be determined at trial, arising out of BGE's breach of fiduciary duty to me.

## COUNT II: INTENTIONAL BREACH OF FIDUCIARY DUTY

25. Plaintiff re-alleges the allegations set forth in Paragraphs 1-24 above and incorporates same herein by reference.

26. I have been attempting to "Perform" and contact BGE/CFO as detailed above in paragraphs 13-17.

27. Once presented with orders or tender of payment instructions, BGE never attempted to clarify or perform.

28. At all times relevant to this complaint, Defendant BGE owed me a fiduciary duty and owed a duty to act in good faith and deal fairly with me.

29. Defendant BGE intentionally breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to me.

30. Accordingly, Defendant BGE is liable in damages to me in excess of $75,000, the exact amount to be

determined at trial, arising out of BGE's breach of fiduciary duty to me.

## COUNT III: SECURITIES FRAUD

31. Plaintiff re-alleges the allegations set forth in Paragraphs 1-30 above and incorporates same herein by reference.

32. I exercised my rights as the beneficial owner and giver of the collateral security. Thereby, giving instructions to the CFO regarding transferring and applying the interest and dividend coupon owed to the principal's account.

33. Defendant BGE not only ignore my notices, but essentially refused to comply and disconnected my services. Presently my services are disconnected although I had already "Performed", which is defined as payment (under the Bill of Exchange Act) several times which would have setoff and balanced the account.

34. Defendant is requiring additional "Performance" or payments before restoring my services when I have already tendered payment or "Performed" my obligation which could be deemed extortion or "double payments" therefore receiving unearned interest under 15 USC 1615.

35. Defendant never returned the negotiable instruments that were sent via certified mail and also, never transferred and applied to the principal's account (purloined).

36. Defendant BGE had a duty of care as a fiduciary to respond to my correspondence but instead continued to ignore my notices and instructions, subsequently disconnecting my services and refusing to comply in violation of federal securities law under Securities Act of 1933, section 17 (a)(2).

37. Defendant BGE, has acted with intent to obtained money and property through misrepresentation by omission of necessary material facts in offering of securities.

38. Accordingly, Defendant BGE is liable in damages to me in excess of $75,000, the exact amount to be determined at trial, arising out of BGE's breach of fiduciary duty to me

## COUNT IV – 12 U.S.C. § 504 (CIVIL MONEY PENALTY – FEDERAL RESERVE ACT):

39. Plaintiff re-alleges the allegations set forth in Paragraphs 1-38 above and incorporates same herein by reference.

40. This statute is involved because BGE never attempted to work with Aretha Rachelle Woodly's performance. Defendant's violation, practices, and breach is a pattern of misconduct and caused more than a minimal loss to me.

41. This Civil Money Penalty is collected and deposited into the Treasury, so plaintiff intends to send a copy of this complaint to the SEC, Federal Reserve, Office of the Comptroller as well as the Treasury for inspection and collection.

## COUNT V: PUNITIVE DAMAGES

42. Plaintiff re-alleges the allegations set forth in Paragraphs 1-41 above and incorporates same herein by reference.
43. At all relevant times, Defendant BGE owed a duty to act with due care and regard for my rights, safety and interests, including my property and financial interests, particularly in light of the fact that I am a disabled veteran receiving a modest monthly disability compensation, a widow in mourning of The recent death of my husband, and a pet owner.
44. Consequentially, again on May 29, 2024, BGE intentional breach of fiduciary duties led to my services being disconnected and all of my food in the basement freezer and refrigerator had to be discarded. I had to spend money everyday buying something to eat. Eventually, I had to get a cooler and buy bags of ice every other day to keep food and drinks cold. I am living like a homeless person in my house because of no electricity.
45. In June the weather conditions became very hot and unbearable in the house. My dog and I had to drive to a state park where there are trees to block the sun and provide shade or cooler breeze. My dog was panting very heavily from the heat so much so, I believe he was suffering from heatstroke. It is very dangerous for anyone to have to deal however, especially so for a pet. To prevent heat exhaustion we had to get in the vehicle and run the air to keep cool; which became very expensive every day paying for gas.
46. Not only did I suffer mental distress from our situation without having electric; but my dog began to behave in a way unfamiliar to me in which I thought he was dying- he refused to eat or drink during the times of the extreme heat we suffered from not being able to turn on a fan or air conditioner. We had to lock the screen and keep the storm door slightly open all-night to allow a breeze in the house.
47. I suffered major depression and loneliness as widow suffering from the loss of my husband. I begin excessively crying sitting in the dark, with no air and spoiled food while still trying to maintain my up

keep and responsibilities as a pet owner. I usually had my husband by my side to weather any storm, but had no one to turn to and no relatives who can accommodate me and my dog in this time of need.

48. My disabilities became worse with the overall stress of being in this situation.

49. Defendant breached that duty of due care on more than one occasion and such breaches constitute negligent disregard of my rights, safety and interests, including property and financial interests as the beneficiary.

50. Accordingly, Defendant is liable for punitive damages in excess of $75,000, the exact amount to be determined at trial.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

I. Specific performance - Order BGE to restore my utility services IMMEDIATELY!

II. Specific performance – Transfer the interest/dividend (securities) owed to the principal's account on behalf of the principal, ARETHA R WOODLY's and apply it to the principal's account for setoff; for past, present, and future billing cycles for the life of the contract under the BILL OF EXCHANGE ACT.

III. Grant Punitive Damages – Judgment entered in favor of Plaintiff and against Defendant on Count V (Punitive Damages) of this Complaint and an award of punitive damages of not less than $75,000; Court costs and any appropriate relief that this court may consider is just and equitable.

IV. Ordering BGE to pay third-tier civil money penalties pursuant to Federal Reserve Act section 29 for the violations alleged herein;
MAXIMUM AMOUNTS OF PENALTIES FOR ANY VIOLATION DESCRIBED IN SUBSECTION (C)
The maximum daily amount of any civil penalty which may be assessed pursuant to subsection (c) for any
    violation, practice, or breach described in such subsection is—
    **(1)** in the case of any person other than a <u>member bank</u>, an amount to not exceed $1,000,000; and
    **(2)** in the case of a <u>member bank</u>, an amount not to exceed the lesser of—
    **(A)** $1,000,000; or **(B)**1 percent of the total assets of such <u>member bank</u>.
    **(e)ASSESSMENT; ETC.** Any penalty imposed under subsection (a), (b), or (c) shall be assessed and collected
  [3] by
    **(1)** in the case of a <u>national bank</u>, by the Comptroller of the Currency; and
    **(2)** in the case of a State <u>member bank</u>, by the <u>Board,</u>

in the manner provided in subparagraphs (E), (F), (G), and (I) of section 1818(i)(2) of this title for penalties imposed (under such section) and any such assessment shall be subject to the provisions of such section.

V. Ordering BGE to pay third-tier civil penalties pursuant to Securities Act of 1933 17(a)(2) for the violations alleged herein.

Dated: June 21, 2024

RESPECTFULLY SUBMITTED,

BY: /s/ *[signature]*
Aretha Rachelle Woodly
Plaintiff, Pro Se
arachelle40@gmail.com
(443) 851-1521

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 21, 2024.

Signature of Plaintiff [signature]

Printed Name of Plaintiff Aretha Rachelle Woodly

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 21, 2024, a copy of the foregoing was filed with the Clerk of this Court as is required by Pro Se litigants via USPS. The mailing address is as follows: United States District Court for the District of Maryland – Clerk's Office, <u>100 W. Lombard Street, Suite 8515 Baltimore, MD 20201</u>. It will also be mailed through USPS certified mail with a signature required pursuant to all summons issued by the Clerk