IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARETHA RACHELLE WOODLY,         *

    Plaintiff,                  *

v.                              *     Civ. No. JKB-24-01813

BALTIMORE GAS & ELECTRIC, *et al.*, *

    Defendants.                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

On July 17, 2024, this Court issued an order directing Plaintiff to show cause by July 31, 2024, why this matter should not be dismissed for lack of subject matter jurisdiction. (ECF No. 11.) The July 31 deadline has passed, and Plaintiff has failed to make any response. Because the Court determines that it lacks subject matter jurisdiction over this matter, Plaintiff's Complaint will be dismissed, and her pending motions will be denied.

### I.    Background

Plaintiff brings this action against Defendants Baltimore Gas & Electric ("BGE") and David M. Vahos, who is alleged to be BGE's chief financial officer. Plaintiff's *pro se* Complaint alleges (1) breach of fiduciary duty, (2) breach of the covenant of good faith and fair dealing, (3) securities fraud, (4) a civil money penalty under the Federal Reserve Act, and (5) punitive damages. (*See generally* Comp., ECF No. 1.) The claims all relate to Plaintiff's dispute with BGE regarding BGE's disconnection of her utility services. As the Court will discuss, claims I, II, and V are not grounded in federal law. And although Counts III and IV purport to invoke federal law, the claims are so insubstantial as to fail at the threshold step of establishing jurisdiction.

## II.     Legal Standard

Federal courts are courts of limited jurisdiction, and the plaintiff bears the burden of demonstrating that this Court has the authority to hear the case. *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014).  Moreover, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Data Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

In deciding whether a complaint alleges facts sufficient to support subject matter jurisdiction, the Court assumes the truthfulness of the facts alleged. *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).  And the Court liberally construes pleadings by *pro se* plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94, (2007).  That said, "a pro se plaintiff must still prove that subject-matter jurisdiction exists." *Adams v. Royal Park Nursing & Rehab.*, Civ. No. 3:20-00634-RJC-DSC, 2021 WL 4462914, at *3 (W.D.N.C. Sept. 29, 2021), *aff'd*, No. 21-2278, 2023 WL 245000 (4th Cir. Jan. 18, 2023).

## III.     Analysis

For a federal court to have subject matter jurisdiction over an action, typically there must either be diversity of citizenship between the parties ("diversity jurisdiction"), 28 U.S.C. § 1332, or the action must arise under the Constitution, laws, or treaties of the United States ("federal question jurisdiction"), 28 U.S.C. § 1331.[1]  Neither is present here.  Thus, the Complaint must be dismissed.

---

[1] There are other, less frequently invoked, bases for federal subject matter jurisdiction—such as, admiralty cases and cases under miscellaneous federal statutes, *see* 14 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 3671–93 (5th ed. 2024)—but none of them appear to be plausibly implicated here.

2

### A. *Diversity Jurisdiction*

First, there is no diversity jurisdiction. Plaintiff alleges that she lives in Baltimore, Maryland. (Comp. ¶ 4.) BGE is alleged to have its principal place of business in Baltimore, as well. (*Id.* ¶ 6.) So, Plaintiff and at least one Defendant are citizens of Maryland. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is deemed to be a citizen of the state of incorporation and the state in which its principal place of business is located). Defendant Vahos' domicile is not identified, but even assuming he is a resident of a different state, diversity jurisdiction requires complete diversity of citizenship—in other words, no plaintiff may be a citizen of the same state as any defendant. *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020).

### B. *Federal Question Jurisdiction*

Second, there is no federal question jurisdiction. Counts I and II allege breach of fiduciary duty. (Comp. ¶¶ 19–30.) An action for breach of fiduciary duty arises under Maryland law, *see Plank v. Cherneski*, 231 A.3d 436, 465 (Md. 2020), and—although individual federal statutes create fiduciary duties under certain circumstances—there is no federal cause of action for generic breach of fiduciary duty, because "[t]here is no federal general common law," *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also Doe (1) v. Archdiocese of Denver*, 413 F. Supp. 2d 1187, 1192 (D. Colo. 2006) (concluding that a plaintiff's "claims for breach of fiduciary duty [] do not arise out of or implicate federal law"). Count V, meanwhile, brings a claim for punitive damages. (Comp. ¶ 42–50.) But "[t]here is no separate cause of action for punitive damages apart from an underlying cause of action upon which punitive damages can be grounded. This is true both as a matter of federal law . . . and state law." *Hejazi v. Oliveri & Assocs., LLC*, Civ. No. 14-02974-CCB, 2015 WL 3447660, at *6 (D. Md. May 27, 2015) (quoting *Biggs v. Eaglewood*

*Mortg., LLC*, 582 F. Supp. 2d 707, 711 n.5 (D. Md. 2008)) (second alteration in original). Therefore, Counts I, II, and V provide no basis for this Court's jurisdiction.

Counts III and IV do purport to invoke federal law. But a plaintiff cannot establish subject matter jurisdiction simply by citing to a federal statute. *See Lovern v. Edwards*, 190 F.3d 648, 654–55 (4th Cir. 1999) ("The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)."). Instead, "[f]ederal jurisdiction requires that a party assert a *substantial* federal claim." *Id.* (quotation omitted) (emphasis in original). Thus, "where a claim is obviously without merit, [*Hagans v. Lavine*, 415 U.S. 528, 536 (1974)] precludes a federal district court from exercising its jurisdiction." *Id.* To be sure, this presents a "low bar" for plaintiffs, and in the ordinary instance the question of whether a claim plausibly states a claim for relief calls for a merits inquiry rather than a jurisdictional one. *PEM Entities LLC v. Cnty. of Franklin*, 57 F.4th 178, 183 (4th Cir. 2023). But "when a claim asserted under federal law is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy'" the complaint is properly "dismissed for lack of jurisdiction." *Id.* at 184 (alteration in original) (quoting *Oneida Indian Nation v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)).

Claims III and IV are so facially deficient that they fail to establish federal subject matter jurisdiction. Claim III purports to state a claim for violations of the federal securities laws. (Comp. ¶¶ 31–38.) But the allegations appear to relate to a dispute between Plaintiff and BGE over payment and disconnection of utilities services. (*Id.*) Plaintiff makes difficult to decipher statements such as "I exercised my rights as the beneficial owner and giver of the collateral security. Thereby, giving instructions to the CFO regarding transferring and applying the interest and dividend coupon owed to the principal's account." (*Id.* ¶ 32.) Plaintiff cannot simply utter

4

the shibboleth "security" and thereby state a claim for relief under the federal securities laws. Plaintiff's citation to Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), is also unavailing, both because she has not plausibly alleged that the Defendants engaged in fraud in the offer or sale of securities, and because there is no private right of action under that statute. *See Newcome v. Esrey*, 862 F.2d 1099, 1107 (4th Cir. 1988) (en banc).[2]

As for Count IV, Plaintiff requests a "Civil Money Penalty" under Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, and contends that "[t]his statute is involved because BGE never attempted to work with [Plaintiff's] performance. Defendant's violation, practices, and breach is a pattern of misconduct and caused more than a minimal loss to [her]." (Comp. ¶¶ 39–41.) 12 U.S.C. § 504 provides for the imposition of civil money penalties on member banks of the Federal Reserve system for violations of certain federal banking laws. Plaintiff does not allege that BGE is a member bank of the federal reserve system (nor is it plausible that it would be, given that it is a utility company), nor that it violated any federal banking laws. And in any event, "the imposition of civil penalties under 12 U.S.C. § 504 is carried out by federal officials, and private individuals do not have a private right of action to enforce 12 U.S.C. § 504." *Griffin v. Phila. Fed. Credit Union*, Civ. No. 24-909, 2024 WL 3403127, at *2 (E.D. Pa. July 11, 2024). So, Plaintiff's citation to this statute fails to properly invoke this Court's jurisdiction. *See Morton v. Am. Express*, Civ.

---

[2] In Count IV, Plaintiff also alleges that "Defendant is requiring additional 'Performance' or payments before restoring my services when I have already tendered payment or 'Performed' my obligation which could be deemed extortion or 'double payments' therefore receiving unearned interest under 15 USC 1615 [*sic*]." (Comp. ¶ 34.) That statute provides that "[w]hen a consumer prepays a loan in full, the creditor must, as a general matter, promptly refund any unearned interest to the debtor." *Richardson v. Capital One, N.A.*, 839 F. Supp. 2d 197, 200 (D.D.C. 2012), *aff'd*, 544 F. App'x 3 (D.C. Cir. 2013) (citing 15 U.S.C. § 1615). Here, Plaintiff plausibly alleges neither the existence of a consumer credit transaction (except in a conclusory way), nor any unearned interest that Defendants have failed to remit to her, so she fails to raise a substantial question of federal law.

No. 6:23-04567-BHH-JDA, 2023 WL 8767528, at *5 (D.S.C. Nov. 21, 2023), *report and recommendation adopted*, 2024 WL 397204 (D.S.C. Feb. 1, 2024).

## IV. Conclusion

For the foregoing reasons, a separate order will issue dismissing Plaintiff's Complaint and her pending motions, and directing the Clerk to close this case.

DATED this 5 day of August, 2024.

BY THE COURT:

James K. Bredar
United States District Judge